Good morning, Your Honors. May it please the Court, Harini Raghupati with the Federal Defenders of San Diego, on behalf of the Appellant, Mr. Miguel-Mariano. The District Court erred in imposing a 16-level sentencing enhancement for Mr. Miguel-Mariano's Nevada coercion conviction. The statute is not categorically a crime of violence, as defined in the Illegal Reentry Guideline, because under Nevada law, the element of physical force is overbroad and indivisible, and the government cannot satisfy Taylor's demand for certainty in showing that subsection 1c is an alternative element as opposed to a means of commission. But even if this Court proceeds to the modified categorical approach, the government still cannot show that Mr. Miguel-Mariano was necessarily convicted of subsection 1c, the only qualifying subsection according to the government, because the crux of that offense, intimidation, appears nowhere in the record of conviction documents. This Court should therefore vacate Mr. Miguel-Mariano's sentence and remand for resentencing without the 16-level crime of violence enhancement. So the government agrees here that the Nevada coercion statute is not a categorical match with any of the guidelines enumerated offenses. So it's only the elements-based test of 201.2 that concerns us here, whether Nevada coercion has as an element the use, attempted use, or threatened use of physical force against the person of another. And the answer here is no. I think at the broadest level, we know from Hobbs and Byers, which are two Nevada Supreme Court cases, that the term force, as used in the Nevada Battery Statute, encompasses only non-violent and non-harmful force. And we also know under Nevada Canons of Construction — Is that without respect to whether it's a felony or misdemeanor? Those cases concern the Battery Statute. And so that structure is different than the Coercion Statute. All right. So it's not a direct definition under the — what section is it? The section we're looking at, right? Correct. I mean, Battery is a different offense. It is a different offense, Your Honor. And both parties agree here that the Nevada Supreme Court simply hasn't addressed the Coercion Statute. There's very little case law on whether — on the structure of the Coercion Statute. And so what we're asking this Court to do is look to a related statutory term, force, in the Battery context and look — Do you know of any other statute under which the term force has been defined by the Nevada Supreme Court, other than Battery? I'm not aware of any, Your Honor. What other definitions of force do you rely on other than the Nevada Supreme Court's definition in the related statute? We also rely on the structure itself of the Coercion Statute. So the way the Coercion Statute is set out, you can have a misdemeanor coercion that includes no physical force but includes violence. But you can also have a felony version of coercion which requires both physical force and violence. And so our argument based on the text of the statute is that physical force is an element separate and apart from the term violence. And so in order for those terms to have different meanings, physical force must mean something different than — less than violence. So that's another way we get at the fact that — Did you say less than violence? Correct. Well, of course, I really don't understand how under the misdemeanor statute, you could have violence without — how do you have violence without force? Isn't that what misdemeanor statute sort of says? Yes, Your Honor. So if you look — Give me an example of violence without force in the context of, you know, coercion. In the context of coercion, violence with — well, I don't have an example that readily comes to mind. There isn't one, is there? I mean, you can't think of one. I can't. I can't think of one, Your Honor, but I don't think that that — but the statute is very much written in the sense that there's both felony and misdemeanor versions of a crime. I'm talking about the misdemeanor one, right, which says you can have a misdemeanor violation without force if you have violence. Isn't that what it says? That is what it says, Your Honor. How can you have violence without force? I don't understand — I just don't understand that. Well, Your Honor, I think, as I said, an example is not readily coming to mind, but I think that even if this Court isn't agreeing that the term physical force as used in the coercion statute is overbroad, then that gets us to the question — Wait, wait, wait. Can you have force without violence is the issue here? Correct. Our position is that force and violence are separate statutory terms, and the definition of force in the Nevada coercion statute doesn't mean violent force. It means simply any kind of de minimis force, which is the exact definition the Nevada Supreme Court has adopted in the related — or in the battery statute. But also, that — part of your position, then, is that force is something less than violence, right? Correct. But still, under misdemeanor, you can be convicted of the higher crime, we'll say, of violence without force, right? That is correct. Does that make sense to you? Your Honor, I'm not sure if there — I do think it makes sense, and that's the way the legislature has chosen to write the statute. We have to defer to the Nevada State Court's decisions and the Nevada legislature's structure in writing the statute. Well, my suggestion is that interpretation of the statute you're giving us doesn't make any sense. I respectfully disagree, Your Honor, but I think, again, that if this Court were to conclude that physical force, as used in the felony version of the statute, requires force that is still violent in nature, then the next question is whether — No, wait, wait. We're not through with this point yet. I don't — I'm not quite sure. What are you saying about violence in the — as part of the misdemeanor? So there are two — there are two types of crimes delineated in the coercion statute. There's a misdemeanor crime, which is too — And where do you find that in the misdemeanor crime? It includes violence. So the way I read the statute, and I believe the government agrees, is that 1A, 1B, and 1C can all be committed as either felonies or can also be committed as misdemeanors. So if 1A, for example, were to be committed as a misdemeanor, that would mean that there would be violence and inflicting injury upon another person, 1A, but because it's also a misdemeanor under 2B, there would be no physical force or immediate — That's on your theory that there can be violence without force. Well, that is — that's related to that theory because then you can also have a felony version of 1A, which would require both physical force and violence. Okay, but is — do — Judge Kishim is asking you whether you have any authority that there can be violence without force. And I'm — yes, Your Honor, one would be the structure of the statute, the way it's written, but then also — That's not authority. I said, do you have any authority that says — I mean, I don't even know why we're off on this discussion. I would try to bring the Court back to the main point, which is that — All right, well, let's get to the main point, which is the question, can you have force without violence? Yes, Your Honor, you can have force without violence. And the reason I was pointing to the text is that's one way to get there, but we don't have state court cases from Nevada interpreting the coercion statute saying you can have force without violence. So that's why it's an open question. And so that's why the best we can get to is the Nevada Battery Statute, which also uses the term force and says that under Nevada law, force encompasses only de minimis force, such as spitting on another person or simply any kind of non-harmful contact with another person. So our position is that under Nevada canons of construction, because the term force — So I mean, the natural progression of that argument, so the Nevada Supreme Court would define force under the coercion statute in the same way they defined it under the battery statute. That's correct, Your Honor. That's your argument, right? So in other words, I can coerce you by spitting on you. That's correct. And say, if you don't do what I say, I'm going to spit on you. And you say, oh, that's enough force, right? That's our argument, Your Honor. And that's the exact analysis this Court has followed in both Chavez-Solis v. Lynch and in Medina-Lara v. Holder. There weren't state cases that were directly addressing the meaning of the element of the statute of conviction. But they looked at related — they looked at cases looking at related state statutes that shared a common link, a common statutory term, and said that was sufficient to satisfy Duaneus Alvarez's realistic probability requirement. If this Court concludes, however, that physical force and violence mean the same thing, you still have to ask whether under the coercion statute physical force is force that's directed against a person as opposed to property, because that's a distinction that matters under the guidelines definition of a crime of violence. The government concedes that only Section 1C involves force against a person as opposed to just property. And if that is an actual element, the record of conviction documents here make no reference to subsection 1C whatsoever. There's no indication in either count of the amended information that Mr. Miguel Mariano was charged with or convicted of intimidation, which is the crux of the illegal act under Section 1C. I see that I'm out of time. I'm happy to answer any of the Court's questions that remain. Thank you, Captain. Okay, thank you. May it please the Court, Daniel Zip on behalf of the United States. Your Honors, the word physical force or threat of physical force appears both in the Nevada coercion statute and in the definition of crime of violence under 2L1.2 of the guidelines. As a result, the only way that the appellant can show that physical force under Nevada law means something different or something broader than the federal definition under Duenitz-Alvarez is if he can point to a specific Nevada state case in which the courts have applied the statute. You first look at Nevada law, right? Yes. And you try to determine what Nevada law, the term force means under Nevada law. It doesn't say you have to find it in the specific statute we're interpreting. Yes, Your Honor, but I think Duenitz-Alvarez is pretty clear that you have to have, to show a specific state court case that's applied that language in the specific non-generic fashion that you're advocating for. In this case, neither party has found a case that says that, and that under Duenitz-Alvarez essentially ends the analysis, and there's no need to go through the sort of statutory interpretation as to whether violence can coexist with physical force, which quickly becomes sort of confusing and a sort of legal exercise in Nevada law. It's confusing because the Nevada court has interpreted the same term in another statute as meaning the opposite of what you'd like it to say. That's not very confusing. Your Honor, on that point, I think you may have an argument that it shouldn't be given the same meaning in a different statute, but that is the only definition that Nevada has given to the term in any statute. Your Honor, the term in the Battery statute says force or violence, which is a different term than physical force that's used in this statute. And when interpreting that in Hobbs, the Nevada court focused on that disjunct between the force or violence language. And just logically, it would make sense that if force equates with violence, there would be no need to have or violence added immediately after it in the statute. That language simply doesn't appear in the Coercion statute. It simply says physical force. In addition, the language in Hobbs relates to is the misdemeanor battery language. In Hobbs, he was convicted of a felony battery based on his prior domestic violence convictions, but that's misdemeanor language. And the court in Hobbs specifically noted that in the punishment section of the statute, the statute includes sort of higher levels of violence that would lead to higher punishments. So too here in the Coercion statute, the language of the physical force or threat of physical force appears in the punishment section of the statute. If defendant's or appellant's argument is correct, that physical force in this context means ephemeral touching or spitting or something at the very low end of the battery range, then it wouldn't make any sense that the Nevada Supreme Court would draw the line between felony and misdemeanor based on ephemeral touching, such that it would be a misdemeanor to coerce someone without touching them and a felony to coerce someone with touching them. A much more logical reading of the statute, and the one that is clear from every Nevada court that's actually applied the statute, is that physical force in this context includes some level of violence, and the term has the same ordinary meaning that it does under the federal definition. Are you aware of any other cases where this is on appeal where this same issue is raised? I'm not, Your Honor. I don't remember the case name. This court recently issued an unpublished disposition essentially not reaching the issue and sending it back down because there were no documents, but I'm not aware of any cases specifically addressing this issue. Of course, even if the court agrees with us and finds that physical force does equate with some level of violence, it would still need to find that the subsections of the statute are divisible. It's our position that under the Mathis analysis, the Supreme Court of Nevada has said, and Peres v. State has described these as elements. And on the face of the statute itself, the statute is divided into three specific enumerated subsections. And just the nature of the statutory language is not similar to Mathis, where there's a single element and a sort of list of illustrative examples. This is a case where there's a clear intent element, and then each of the subsections provide the sort of act element. So on the face of the statute, it supports the conclusion that this is divisible, at least as to A, B, and C. And finally, it's our position that the conviction documents in the record are sufficient to meet the modified categorical analysis. Unless anyone has any further questions? Thank you, Kevin. You want a minute for rebuttal or not? Yes, Your Honor. I'd like to address the government's points about the Mathis analysis. So Mathis asks us to go through a three-step framework to determine whether subsections 1A, 1B, and 1C are means or elements. And the first question is to see if there's any decisive or controlling state court decisions that answer that question. And the Nevada Supreme Court simply hasn't issued a published decision saying that 1A, 1B, and 1C are means versus elements. And so I don't think that that first step of Mathis really resolves the threshold question of means or elements. Likewise, the structure of the statute doesn't indicate on its face what things must be charged and therefore what are elements. It also, the mere fact that the subsections in 1A, 1B, and 1C are separately enumerated also doesn't answer the question of whether those things are means or elements. That's something the Supreme Court rejected outright in Mathis and pointed to Shad v. Arizona to support that. And so lastly, we do what's called the peak of the record of conviction documents. And those documents don't show that 1C is actually an element because there's simply no reference to 1C in either the guilty plea agreement, in the amended information, or in the judgment. And so given that entire three-step process, the government simply can't satisfy Taylor's demand for certainty in showing that subsection 1C is actually an element as opposed to a means. And for that reason, we would ask the Court to vacate Mr. Miguel Mariano's sentence. Thank you. Thank you.
judges: Reinhardt, Tashima, Paez